Contract; breach of supplemental agreement; source control drawings and sole source procurement defined; parol evidence admitted to aid in contract interpretation.— Plaintiff contractor seeks to recover for breach by defendant United States of a supplemental agreement to a contract to supply small arms gunfire simulators to the Naval Training Device Center (NTDC). The contract required plaintiff to submit engineering drawings of the simulators. The contractor claimed the drawings contained proprietary information and refused to grant defendant unlimited rights to their use. A supplemental agreement on limited rights was reached whereby the plaintiff submitted the drawings with a legend identifying plaintiff as the only approved source for the components and sole authority to approve substitute components. In a subsequent procurement of gunfire simulators the defendant, in accord with newly promulgated standards, modified the source control legend so as to denote the NTDC as an additional authority to approve substitute components! Later procurements did not include the submitted source control drawings in the bid packages. Updated, more complete drawings produced by the defendant without the benefit of information supplied by the plaintiff were *882 substituted. The drawings carried no source control legend. As a consequence plaintiffs unexpressed desire to be the sole source supplier was frustrated. Plaintiff alleges that defendant breached the contract by modifying the source control legend on the submitted drawings, failing to include the drawings in subsequent procurements, and reverse-engineering two of the components depicted in the drawings. Defendant argues that the contract left to its discretion whether, and in what manner, source control drawings were to be used in subsequent procurement packages. On January 26, 1979 Trial Judge Francis C. Browne filed a recommended opinion (reported in full at 26 CCF ¶ 83, 723) holding for defendant. The trial judge found that the contract, as supplemented, did not prohibit modification of the source control legend by defendant in accord with newly published standards. Although this modification eliminated plaintiff as the sole source supplier (as did the later omission of the drawings themselves from the bid packages) it was agreed among the parties that plaintiff would remain the sole source supplier only until another contractor was approved. In that the contract was the result of long negotiations, was complete on its face and showed no ambiguity, the plaintiff was not allowed to offer parol evidence as to a contrary understanding of plaintiff’s status. Moreover, the trial judge found no contractual duty on the defendant to use plaintiffs submitted source control drawings in later procurements. On the contrary, the limited rights granted the defendant by the supplemental agreement specifically prohibited distribution of the drawings for procurement purposes. On October 12, 1979 the court, by order, adopted the trial judge’s recommended decision as the basis for its judgment in this case and dismissed the petition.